1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

MICROSOFT CORPORATION,

10

Plaintiff,

11

v.

12

PREMIER SELLING TECHNOLOGIES;
PREMIER SELLING TECHNOLOGIES,
INC.; PREMIER SELLING
TECHNOLOGIES CORPORATION;
BILLING SYSTEMS CORP.; MARK E.
VALENTINE; CODY JERY ALLAN
ALTIZER a/k/a CODY ALLAN; ROBERT
ROMERO; and DOES 1-20,

13
14
15
16
17

Defendants.

Case No. 2:15-cv-463

COMPLAINT FOR DAMAGES
AND EQUITABLE RELIEF

18
19
20
21
22

Plaintiff Microsoft Corporation ("Microsoft") files this Complaint against Defendants
Premier Selling Technologies, Premier Selling Technologies, Inc., Premier Selling
Technologies Corp., Billing Systems Corp., Mark E. Valentine, Cody Jery Allan Altizer a/k/a
Cody Allan, Robert Romero, and Does 1-20 (collectively, "Defendants"), alleging as follows:

## I.      INTRODUCTION

23
24
25
26

1.      This is an action for racketeering, fraud, civil conspiracy, contributory copyright
infringement, unfair competition and false advertising, breach of contract, the imposition of a
constructive trust, and an accounting of Defendants' ill-gotten gains.

27

COMPLAINT - 1
DWT 26351450v6 0025936-002272
DWT 26351450v16 0025936-002272

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

2.     As described more fully below, Defendants are actively engaged in a scheme whereby they fraudulently acquire product activation keys for Microsoft software and then unlawfully sell those keys, along with a download link to the software, to unsuspecting consumers who are not licensed or authorized to use the fraudulently obtained product keys or the Microsoft software improperly activated with such keys.  In order to perpetrate their fraudulent scheme, Defendants registered to become a Microsoft Authorized Educational Reseller ("AER"), falsely claiming that they are a software reseller to academic institutions.

3.     In their capacity as an AER, Defendants falsely assume the identity of various Canadian schools to create Academic Open Agreements for Microsoft software purportedly on behalf of the schools.  On information and belief, the schools have no knowledge that the Defendants have entered agreements with Microsoft under their names and Defendants have not supplied the schools with any product keys or software.  Instead, Defendants, acting as the purported administrator of the accounts, have misappropriated nearly one thousand product keys provided by Microsoft for the schools and are selling them to unsuspecting consumers unconnected with the schools through a variety of Defendant-controlled websites.  On these websites, Defendants falsely represent that the advertised software is licensed for general commercial use and display, without authorization, Microsoft trademarks to deceive consumers into believing the software is legally licensed and authorized by Microsoft for commercial sale.

4.     The product keys misappropriated by the defendants have been used for unauthorized software installations on over twenty thousand different devices in sixty countries.  The unlicensed software has a retail value of over $7.8 million.

5.     In furtherance of their fraudulent scheme, as further described below, Defendants created a web of entities to conceal their identities and their illicit proceeds from attachment and seizure.  Defendants' methods include, but are not limited to, the use of offshore merchant accounts and web domains registered to fictitious addresses.  On information and belief, Defendants have also placed personal assets, including personal residences and vehicles, under the names of business entities created to shield Defendants' assets from

COMPLAINT - 2

DWT 26351450v6 0025936-002272
DWT 26351450v16 0025936-002272

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

prospective plaintiffs and creditors.  Several of the Defendants are also using aliases and cannot be located at any known address.

## II.    PARTIES

6.    Microsoft is a Washington corporation with its principal place of business in Redmond, Washington.  Microsoft develops, markets, distributes, and licenses computer software, among other products and services.

7.    On information and belief, Defendant Premier Selling Technologies, Inc. is a Canadian corporation formed on May 3, 2011, in Ontario, Canada.  On information and belief, Premier Selling Technologies, Inc., along with Defendants Premier Selling Technologies and Premier Selling Technologies Corp. (collectively "PST") are aliases and alter egos for each other and for the same business entity.  On information and belief, PST has utilized various websites and domain names to engage in and further the unlawful acts alleged herein, including without limitation, premiersellingtechnologies.org, amazingtechdeals.net, softwaresupplysource.com, advantageittech.com, softwaresupporthub.com, billingsecurecenter.com, and billing-secure-server.com.

8.    On information and belief, Defendant Billing Systems Corp. is an unregistered business entity operating in Sarasota, Florida.  On information and belief, Billing Systems Corp. is an entity owned by, operated by, or otherwise under the substantial control of the other Defendants identified herein.  On information and belief, Defendant Billing Systems Corp. operates and conducts business through various websites and domain names, including without limitation, billing-secure-server.com.

9.    On information and belief, Defendant Mark E. Valentine first incorporated PST and was its first director.  On information and belief, Defendant Valentine continues to own and/or substantially control PST.  On information and belief, Defendant Valentine is a resident of Ontario, Canada.

10.    On information and belief, Defendant Cody Jery Allan Altizer a/k/a Cory Allen is a person participating in and/or supervising the activities of PST with respect to the unlawful

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

conduct alleged herein.  On information and belief, Defendant Altizer is a Canadian citizen and resident of Ontario, Canada.

11.     On information and belief, Defendant Robert Romero is a person participating in and/or supervising the activities of PST with respect to the unlawful conduct alleged herein. On information and belief, Defendant Romero is a resident of Ontario, Canada.

12.     The true identities of Does 1-20 are presently unknown to Microsoft.  On information and belief, Does 1-20 aided, caused, directed, supervised, contributed to, conspired to commit, or otherwise furthered the unlawful conduct alleged herein, including helping to create PST and its affiliated websites and payment services.

13.     On information and belief, each and all of the above named Defendants conspired with one another, personally participated in, and/or had the right and ability to supervise, direct, and control the unlawful conduct alleged herein, and derived a direct financial benefit from that unlawful conduct.  Each and all of the Defendants are therefore subject to liability for the unlawful conduct alleged herein under principles of secondary liability, including without limitation, respondeat superior, vicarious liability, and/or contributory infringement.

### III.     JURISDICTION & VENUE

14.     The Court has subject matter jurisdiction over Microsoft's claims for racketeering, contributory copyright infringement, unfair competition and false advertising, and accounting claims pursuant to 15 U.S.C. § 1125, 17 U.S.C. § 501, 18 U.S.C. § 1964, and 28 U.S.C. §§ 1331 and 1338(a).  The Court has subject matter jurisdiction over Microsoft's other claims pursuant to 28 U.S.C. § 1367(a).  The Court also has subject matter jurisdiction over all claims under 28 U.S.C. § 1332 because this action is between a citizen of the United States and subjects of foreign states—including without limitation, Canada—and the matter in controversy exceeds $75,000, exclusive of interest and costs.

15.     The Court has personal jurisdiction over Defendants because Defendants consented to jurisdiction.  Specifically, PST—acting through and in concert with the other

COMPLAINT - 4
DWT 26351450v6 0025936-002272
DWT 26351450v16 0025936-002272

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

Defendants—entered into the Microsoft Partner Network Agreement with Microsoft.  In section 14(c)(1) of that agreement, the parties expressly consented to exclusive jurisdiction and venue in this Court for all disputes in which federal subject-matter jurisdiction exists.

16.     The Court also has personal jurisdiction over Defendants because they purposefully directed their unlawful activities at Washington, and Microsoft's claims arise from those activities.  Defendants expressly aimed their conduct at Washington because they (1) had actual or constructive knowledge of Microsoft's intellectual property rights (including Microsoft's registered copyrights and trademarks) and Microsoft's residence in Washington; (2) acted, at a minimum, with willful blindness to, or in reckless disregard of, Microsoft's rights; and (3) knew or should have known that their conduct would cause harm to Microsoft in Washington.  *See Wash. Shoe Co. v. A-Z Sporting Goods, Inc.*, 704 F.3d 668 (9th Cir. 2012).  Further, personal jurisdiction exists because Defendants maintain an interactive website, through which they advertise to consumers throughout the United States and through which consumers, including Washington consumers, can purchase products and services.

17.     Venue is proper in this Court pursuant to 28 U.S.C. § 1400(a) because Defendants are subject to personal jurisdiction in the Western District of Washington.  *See Brayton Purcell LLP v. Recordon & Recordon*, 606 F.3d 1124 (9th Cir. 2010).

18.     Pursuant to Local Civil Rule 3(d), intra-district assignment to the Seattle Division is proper because the claims arose in this Division, where (a) Microsoft resides, (b) the injuries giving rise to suit occurred, and (c) Defendants directed their unlawful conduct.

## IV.     FACTS COMMON TO ALL CLAIMS

### A.     Microsoft's Academic Volume Licensing

19.     Microsoft's long-established Academic Volume Licensing programs provide discounted software to students, educational institutions, libraries, and museums.  The academic programs were created to provide students, educators and other qualified institutions with discounted Microsoft software for anytime, anywhere learning with the latest

COMPLAINT - 5
DWT 26351450v6 0025936-002272
DWT 26351450v16 0025936-002272

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

technologies, contributing to enriched learning experiences for millions of qualified users around the world.

20.     Microsoft licenses academic edition software through education reseller partners that are authorized to work with educational organization to buy licenses through Academic Volume Licensing agreements.  Microsoft's reseller partners become eligible to buy academic licenses for academic users through Microsoft's Authorized Educational Reseller (AER) program.  The AER program allows entities to register with Microsoft to become AERs of Microsoft software, entitling them to purchase Academic Edition software from Microsoft or its distributors at significant discounts and resell the software to Qualified Educational Users ("QEUs").  QEUs are a category of eligible users defined by the AER program and do not include general consumer or commercial users.

21.     Microsoft and its distributors only accept orders for Academic Edition software from resellers if those resellers are enrolled in the AER program.  Because of the substantial discounts Microsoft offers to the academic community, the AER program is designed and intended to safeguard against the unauthorized resale of Academic Edition software to non-QEUs.

22.     To become an AER, a company must become a member of the Microsoft Partner Network ("MPN"), complete and pass an online testing module entitled "Academic Volume Licensing," complete an online application form, and accept the terms of the Microsoft AER Agreement.

**B.     Defendants' Fraudulent Scheme**

23.     On May 1, 2014, PST enrolled in the AER program.  It accepted the terms of the Microsoft MPN Agreement and the Microsoft AER Agreement (the "Reseller Agreements"), and downloaded its AER Authorization Certificate.  PST listed Romero as its primary point of contact on its AER and MPN applications.

24.     Pursuant to the Reseller Agreements, PST agreed to various limits on its use of certain of Microsoft's trademarks, software, and other products.  PST further agreed to strictly

COMPLAINT - 6
DWT 26351450v6 0025936-002272
DWT 26351450v16 0025936-002272

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

limit the distribution of Microsoft's Academic Edition software to QEUs for their use.  As an AER, PST is responsible for validating whether its prospective customers are QEUs and for ensuring that any Microsoft software it resells to those QEUs will only be used by the purchasing entity.

25.     Pursuant to the Reseller Agreements, PST also agreed not to engage or participate in any unauthorized manufacture, duplication, delivery, transfer, or use of counterfeit, pirated, unlicensed, or illegal Microsoft software and to enforce strong internal controls to prevent its employees from doing the same.  PST further agreed to comply with applicable terms relating to the use of any Microsoft trademarks, software, and other products, and to only supply original, licensed Microsoft software to its customers.  PST agreed not to otherwise infringe any of Microsoft's intellectual property rights.

26.     On information and belief, PST entered into the Reseller Agreements for the sole and specific purpose of accessing Microsoft product keys for commercial resale and never intended to provide software or associated product keys to QEUs.  Rather, PST immediately engaged, and continues to engage, in a fraudulent scheme whereby it falsely assumes the identity of various Canadian schools that have no knowledge of PST's activities, creates Academic Open Agreements that purport to be for such schools, and then misappropriates the product keys assigned to those agreements for commercial sale.

27.     For each fraudulent Academic Open Agreement created by PST—purportedly on behalf of a QEU—and for each Microsoft software product licensed to that QEU, Microsoft issued unique volume license product keys for use only by that QEU.  These product keys are for the activation of a variety of Microsoft software—including Microsoft Windows 8.1, Windows 8, and Windows 7, Office 2013, and Office 2010—depending on the software purchased by the alleged QEU.

28.     Beginning in or about May 9, 2014, PST created 263 Academic Open Agreements, purportedly for schools in Canada, under which licenses for over 1,300 software installations were purchased.  Product keys were assigned to these Agreements to enable the

COMPLAINT - 7
DWT 26351450v6 0025936-002272
DWT 26351450v16 0025936-002272

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

schools to activate the licensed software. The product keys were stored in accounts registered to the schools as the purported licensees under the agreements. PST accessed these accounts as the purported administrator of the accounts and misappropriated the product keys for commercial distribution. The product keys have been used to activate Microsoft software valued at approximately $7.9 million on over 20,000 different devices in sixty countries.

29.     Defendants set up a network of domain names and websites to sell the misappropriated product keys to unsuspecting third party consumers. These domain names and websites include premiersellingtechnologies.org, amazingtechdeals.net, softwaresupplysource.com, and advantageittech.com. Three of these websites—premiersellingtechnologies.org, amazingtechdeals.net, and softwaresupplysource.com—direct purchasers to softwaresupporthub.com to obtain product keys and find download links for the unauthorized and unlicensed Microsoft software.

30.     Each of Defendants' websites falsely purports to sell licensed Microsoft software, deceiving unsuspecting third-party consumers into believing they are acquiring a properly licensed copy of the product. However, because the product keys are only licensed to specific academic institutions under the terms of the Academic Open license to which they correspond, the download and installation of Microsoft's software by these unsuspecting third-party consumers constitutes the unlawful copying of unlicensed Microsoft's software, thereby infringing Microsoft's intellectual property rights.

31.     Each of Defendants' websites displays various Microsoft trademarks and service marks in furtherance of Defendants' scheme and in connection with the sale of unlicensed Microsoft software. Defendants are not authorized to use these trademarks or service marks in the manner in which they are being used.

32.     On information and belief, Defendants have also established one or more credit card processing entities, using the domain names billingsecurecenter.com and billing-secure-server.com. On information and belief, Defendants use these credit card processing entities to collect payment for the software purchased by unsuspecting third party consumers through

COMPLAINT - 8
DWT 26351450v6 0025936-002272
DWT 26351450v16 0025936-002272

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

Defendants' websites:  premiersellingtechnologies.org, amazingtechdeals.net, and softwaresupplysource.com.

33.     Defendants' websites are devoid of identifiable names or true addresses.  The Defendants appear to communicate with customers and potential customers exclusively via the websites and/or by e-mail without revealing their true identities or locations.  For most of Defendants' domain name registrations, Defendants provided names and addresses that are incomplete or erroneous.  Others are protected by privacy services that obscure their identities.

**C.     Microsoft's Test Purchases from PST**

34.     Because the products keys are unique to each QEU and Microsoft product, users of software create a record with Microsoft when the software is activated.  In one instance, for example, a single Windows 7 product key assigned to one of the purported Canadian QEUs under one of Defendants' fraudulent Academic Open licenses has been used to activate software on 100 different devices in nine countries, including activations on 68 different devices in the United States.  Microsoft's records show an additional 44 attempted, but unsuccessful, activations.  A single Office Professional Plus 2013 product key assigned to a different purported Canadian QEU under one of Defendants' fraudulent Academic Open Agreements has been used to activate software on 55 different devices in four different countries, including 50 activations in the United States.

35.     At various times in and around December 2014, an outside investigator ("OI") for Microsoft purchased Microsoft software through premiersellingtechnologies.org, amazingtechdeals.net, softwaresupplysource.com, and advantageittech.com—the websites operated by Defendants.  For each of these purchases, either the merchant name for the credit card transaction was "Premier Technologies" of Toronto, or the OI received a product key that had been assigned for use by a QEU in connection with a fraudulent Academic Open license agreement created by PST, or both.  In each case, the product key provided to the OI has been widely used to activate software hundreds of times in multiple countries.  For each of the purchases, the OI either received the product key by email, or was directed to

COMPLAINT - 9
DWT 26351450v6 0025936-002272
DWT 26351450v16 0025936-002272

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

softwaresupporthub.com to receive the product key.  In each case, the OI was provided with a link to download unlicensed Microsoft software from the Internet.  For many of the purchases, the credit card payment was processed through billingsecurecenter.com or billing-secure-server.com.

36.     For example, in early December 2014, an OI conducted a test purchase of Office Pro 2010 and Windows 8.1 Pro from amazingtechdeals.net.  The site advertised the Office Pro 2010 software for $94.98 and described it as "Full Retail Download."  It advertised the Windows 8.1 Pro software for $66.99.  The OI made a credit card payment through the website and the merchant name was identified as Premier Technologies of Toronto, Canada.  The payment transaction was processed by billing-secure-server.com.

37.     The Office Pro Plus 2010 product key sold by PST to the OI is assigned to an Academic Open Agreement created in November 2014 in the name of an elementary school in Ontario.  PST is listed as the indirect academic reseller to the Ontario elementary school, which is licensed under its agreement for five installations of Office Pro Plus 2013 Academic Edition. This Office Pro Plus 2010 product key has been widely abused, with activations of software on 54 different devices, in seven countries, including 39 activations in the United States.

38.     Similarly, on December 15, 2014, an OI conducted a test purchase of Office Pro 2013 and Windows 8.1 Pro from premiersellingtechnologies.org.  The site advertised the Office Pro 2013 software for $519 and described it as "Retail Box."  It advertised the Windows 8.1 Pro software for $249.99; it was also described as "Retail Box."  The OI made a credit card payment through the website and the merchant name was identified as Premier Technologies of Toronto, Canada.  The payment transaction was processed by billingsecurecenter.com.

39.     The Office Pro Plus 2013 product key sold by PST to the OI, is assigned to a second Ontario elementary school under its Academic Open Agreement and License, both of which were created on December 3, 2014.  This Office Pro Plus 2013 product key has been widely abused, activating software on 55 unique devices, in four different countries, including 50 software activations in the United States.

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

40.     On information and belief, PST continues to advertise, market, offer, and distribute its illegally acquired Microsoft product keys on these and possibly other websites to this day.  Based on Microsoft's investigation and test purchases, on information and belief, all of the Microsoft software that PST is distributing is unlicensed and unauthorized.

### D.     Microsoft's Software and Intellectual Property

41.     **Windows 8.1**:  Microsoft has developed, advertises, markets, distributes, and licenses a computer operating system called Microsoft Windows 8.1 ("Windows 8.1").  Microsoft holds a valid copyright in Windows 8.1 that was duly and properly registered with the United States Copyright Office.  A true and correct copy of the Registration Certificate for Microsoft Windows 8.1, bearing the number TX 7-740-672, is attached as **Exhibit 1**.

42.     **Windows 8:**  Microsoft has developed, advertises, markets, distributes, and licenses a computer operating system called Microsoft Windows 8 ("Windows 8").  Microsoft holds a valid copyright in Windows 8 that was duly and properly registered with the United States Copyright Office.  A true and correct copy of the Registration Certificate for Microsoft Windows 8, bearing the number TX 7-601-008, is attached as **Exhibit 2**.

43.     **Windows Vista Ultimate:**  Microsoft has developed, advertises, markets, distributes, and licenses a computer operating system called Microsoft Vista Ultimate ("Windows Vista").  Microsoft holds a valid copyright in Windows Vista that was duly and properly registered with the United States Copyright Office.  A true and correct copy of the Registration Certificate for Microsoft Windows Vista, bearing the number TX 6-508-905, is attached as **Exhibit 3**.

44.     **Windows 7:**  Microsoft has developed, advertises, markets, distributes, and licenses a computer operating system called Microsoft Windows 7 ("Windows 7").  Microsoft holds a valid copyright in Windows 7 that was duly and properly registered with the United States Copyright Office.  A true and correct copy of the Registration Certificate for Microsoft Windows 7, bearing the number TX 7-009-361, is attached as **Exhibit 4**.

COMPLAINT - 11
DWT 26351450v6 0025936-002272
DWT 26351450v16 0025936-002272

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

45.     **Office 2013:**  Microsoft has developed, advertises, markets, distributes, and licenses a suite of productivity software for business, home, and educational use called Microsoft Office 2013 ("Office 2013").  Office 2013 is available in a number of different versions, each of which includes certain combinations of products, programs, and features.  Versions of Office 2013 include Office Professional 2013, Office Home and Business 2013, and Office Home and Student 2013.  Microsoft holds a valid copyright in Office Professional 2013, the most expansive version of Office 2013.  As a result, Microsoft's copyright in Office Professional 2013 encompasses all other versions of Office 2013.  Microsoft's copyright in Office Professional 2013 was duly and properly registered with the United States Copyright Office.  A true and correct copy of the Registration Certificate for Microsoft Office Professional 2013, bearing the number TX 7-649-882, is attached as **Exhibit 5**.

46.     **Office 2010:**  Microsoft has developed, advertises, markets, distributes, and licenses a suite of productivity software for business, home, and educational use called Microsoft Office 2010 ("Office 2010").  Office 2010 is available in a number of different versions, each of which includes certain combinations of products, programs, and features.  Versions of Office 2010 include Office Professional 2010, Office Home and Business 2010, and Office Home and Student 2010.  Microsoft holds a valid copyright in Office Professional Plus 2010, the most expansive version of Office 2010.  As a result, Microsoft's copyright in Office Professional Plus 2010 encompasses all other versions of Office 2010.  Microsoft's copyright in Office Professional Plus 2010 was duly and properly registered with the United States Copyright Office.  A true and correct copy of the Registration Certificate for Microsoft Office Professional Plus 2010, bearing the number TX 7-151-840, is attached as **Exhibit 6**.

47.     In connection with the above software titles, among others, Microsoft has also duly and properly registered a number of trademarks and  service marks in the United States Patent and Trademark Office on the Principal Register, including without limitation:

(a)     "MICROSOFT," Trademark and Service Mark Registration No. 1,200,236, for computer programs and computer programming services;

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

1

2          (b)      WINDOWS, Trademark Registration No. 1,872,264 for computer programs and manuals sold as a unit;

3

4          (c)      WINDOWS VISTA, Trademark Registration No. 3,235,107 for computer operating system;

5

6          (d)      "FLAG DESIGN TWO (B/W)," Trademark Registration No. 2,738,877, for computer software;

7

8          (e)      "FLAG DESIGN TWO (COLOR)," Trademark Registration No. 2,744,843, for computer software;

9

10          (f)      "FLAG DESIGN (2012)," Trademark Registration No. 4,400,958, for computer software;

11

12          (g)      "CAMERA TILE," Trademark Registration No. 4,415,986, for computer software for accessing and managing camera functions;

13

14          (h)      "GAMES TILE," Trademark Registration No. 4,444,995, for computer software enabling access to online games;

15

16          (i)      "MAPS TILE," Trademark Registration No. 4,415,985, for computer software for mapping and directions;

17

18          (j)      "MESSAGING TILE," Trademark Registration No. 4,426,631, for computer software for text and multimedia messaging;

19

20          (k)      "MUSIC TILE," Trademark Registration No. 4,426,630, for computer software for downloading and listening to music and other audio content;

21

22          (l)      "SPORTS TILE," Trademark Registration No. 4,426,632, for computer software for viewing information and content about sports;

23

24          (m)      "VIDEO TILE," Trademark Registration No. 4,412,218, for computer software for downloading and viewing video content;

25

26          (n)      "WINDOWS STORE TILE," Trademark Registration No. 4,552,497, for operating system software, et al.;

27

COMPLAINT - 13
DWT 26351450v6 0025936-002272
DWT 26351450v16 0025936-002272

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

(o)   "CHARM BAR," Trademark Registration No. 4,489,348, for computer operating system software, operating system programs, and graphical user interface software;

(p)   "MICROSOFT OFFICE," Trademark Registration No. 3,625,391, for computer productivity software;

(q)   OFFICE 2010 DESIGN, Trademark Registration No. 4,029,299, for computer productivity software;

(r)   OFFICE 2012 DESIGN, Trademark Registration No. 4,459,826, for computer productivity software;

(s)   "ACCESS," Trademark Registration No. 3,238,869, for computer database management software;

(t)   "ACCESS LAUNCH ICON (2012)," Trademark Registration No. 4,365,955, for computer database management software;

(u)   "ACCESS LAUNCH ICON (2010)," Trademark Registration No. 3,905,556, for computer database management software;

(v)   "EXCEL," Trademark Registration No. 2,942,050, for computer spreadsheet software;

(w)   "EXCEL LAUNCH ICON 2010,"Trademark Registration No. 3,905,558, for computer spreadsheet software;

(x)   "EXCEL LAUNCH ICON 2012," Trademark Registration No. 4,355,451, for computer spreadsheet software;

(y)   "ONENOTE," Trademark Registration No. 2,844,710, for computer software for use in note taking;

(z)   "ONENOTE LAUNCH ICON 2010," Trademark Registration No. 3,905,559, for computer software for use in note taking;

(aa)   "ONENOTE LAUNCH ICON 2012," Trademark Registration No. 4,351,584, for computer software for use in note taking;

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

(bb)   "OUTLOOK," Trademark Registration No. 2,188,125, for computer programs for providing enhanced electronic mail and scheduling capabilities;

(cc)   "OUTLOOK LAUNCH ICON 2010," Trademark Registration No. 3,905,560, for computer programs for providing enhanced electronic mail and scheduling capabilities;

(dd)   "OUTLOOK LAUNCH ICON 2012," Trademark Registration No. 4,355,446, for computer programs for providing enhanced electronic mail and scheduling capabilities;

(ee)   "POWERPOINT," Trademark Registration No. 1,475,795, for computer software programs for creating presentations, graphics and videos;

(ff)   "POWERPOINT LAUNCH ICON 2010," Trademark Registration No. 3,905,561, for computer software programs for creating presentations, graphics and videos;

(gg)   "POWERPOINT LAUNCH ICON 2012," Trademark Registration No. 4,385,388, for computer software programs for creating presentations, graphics and videos;

(hh)   "PUBLISHER LAUNCH ICON 2010," Trademark Registration No. 3,909,142, for desktop publishing software;

(ii)   "PUBLISHER LAUNCH ICON 2012," Trademark Registration No. 4,355,448, for desktop publishing software;

(jj)   "WORD LAUNCH ICON 2010," Trademark Registration No. 3,909,143, for word processing software; and

(kk)   "WORD LAUNCH ICON 2012," Trademark Registration No. 4,355,444, for word processing software.

True and correct copies of the Trademark Registrations for (a) through (jj) above are attached as **Exhibits 7** through **43**, respectively.

COMPLAINT - 15
DWT 26351450v6 0025936-002272
DWT 26351450v16 0025936-002272

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

# V.   CAUSES OF ACTION

## First Claim
## Racketeering Influenced and Corrupt Organization – 18 U.S.C. § 1964

48.     Defendants have engaged, and are continuing to engage, in a pattern of racketeering influenced and corrupt organization activity as defined by 18 U.S.C. § 1961 *et seq.* to conduct or participate, directly or indirectly, in PST and its affiliates' affairs, which affect interstate or foreign commerce.  In particular, Defendants have engaged, and are continuing to engage, jointly and individually, in at least two predicate acts of wire fraud indictable under 18 U.S.C. § 1343 within ten years after the commission of a prior act of wire fraud.

49.     As described above, Defendants devised a scheme or artifice to obtain Microsoft product keys by means of false or fraudulent pretenses, representations, and/or promises.  As an integral and necessary part of the scheme, Defendants transmitted, and continue to transmit, by means of wire in interstate or foreign commerce, writings, signs, signals, pictures, and/or sounds for the purpose of executing such scheme of artifice.  These include, but are not limited to, any and all electronic communications from Defendants relating to their AER contract and the creation of Academic Open Licenses under the assumed school names pursuant to such contract.

50.     As a result of Defendants' wrongful conduct, Microsoft has been injured and is entitled to recover threefold its actual damages and the cost of this suit, including its attorney fees, pursuant to 18 U.S.C. § 1964(c).

## Second Claim
## Common Law Fraud and Fraudulent Misrepresentation

51.     By submitting Academic Open License agreements with various Canadian QEUs to Microsoft, PST and its primary contact, Defendant Romero, represented to Microsoft that those schools purchased Microsoft software for use in their institutions.

52.     Through these representations, PST and Defendant Romero intentionally induced Microsoft to assign software product keys to the relevant Canadian schools.  Microsoft relied on PST's fraudulent Academic Open license documentation and would not have assigned

COMPLAINT - 16
DWT 26351450v6 0025936-002272
DWT 26351450v16 0025936-002272

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

these product keys without the agreements purportedly entered into between PST and the Canadian QEUs.

53.     On information and belief, PST and Defendant Romero did not create the Academic Open License agreements for the benefit of the Canadian QEUs; rather, they created them for the purpose of accessing and misappropriating product keys for commercial distribution.

54.     Under Microsoft MPN and AER Agreements with PST, PST and its directors, officers, and employees were responsible for ensuring that purchasers of Microsoft Academic Edition software were qualified to purchase Microsoft software at the academic discounted prices, i.e. were QEUs.

55.     As a result of PST's wrongful conduct, carried out by and through PST's directors, officers, and employees, Microsoft has been injured and is entitled to recover its actual damages, in an amount to be proved at trial.

## Third Claim
## Civil Conspiracy

56.     Defendants engaged in an unlawful conspiracy to commit the unlawful acts alleged herein.  Defendants engaged in this conspiracy to accomplish an unlawful purpose or to accomplish a lawful purpose by unlawful means.

57.     Each and all of the Defendants took affirmative steps in furtherance of the conspiracy as described herein.  Because of the active steps taken by Defendants to conceal their identities and roles in the unlawful conducts described herein, the individual acts and steps taken by each Defendant in furtherance of the conspiracy is peculiarly within their knowledge.

58.     As a result of this unlawful civil conspiracy, Microsoft has suffered damages in an amount to be proved at trial.

COMPLAINT - 17
DWT 26351450v6 0025936-002272
DWT 26351450v16 0025936-002272

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

### Fourth Claim
### Contributory Copyright Infringement - 17 U.S.C. § 501 *et seq.*

59.     Microsoft is the sole owner of Microsoft Windows 8.1, Windows 8, Windows Vista, Windows 7, Office 2013, and Office 2010, and of the corresponding copyrights and Certificates of Registration with the registration numbers listed above.

60.     Defendants have induced, caused, and materially contributed to the infringement of those copyrights.  Specifically, Defendants have represented to unsuspecting third-party purchasers that they are purchasing licensed Microsoft products from Defendants.  Instead, on information and belief, Defendants have sold their customers unlicensed software and have instructed them to install it with product keys that neither the customers, nor Defendants, are authorized to use.

61.     As a result of Defendants' instruction and material assistance, those third-party purchasers have impermissibly, albeit presumably unwittingly, copied Microsoft's protected works, infringing Microsoft's rights in those works.

62.     At all times, Defendants knew of and intentionally contributed to and furthered the infringing activity.

63.     At a minimum, Defendants acted with willful blindness to, or in reckless disregard of, Microsoft's registered copyrights.

64.     As a result of Defendants' wrongful conduct, Microsoft is entitled to recover its actual damages and Defendants' profits attributable to the infringement.  Alternatively, Microsoft is entitled to statutory damages under 17 U.S.C. § 504(c).

65.     The award of statutory damages should be enhanced in accordance with 17 U.S.C. § 504(c)(2).

66.     Microsoft is further entitled to injunctive relief and an order impounding all infringing materials.  Microsoft has no adequate remedy at law for Defendants' wrongful conduct because, among other things:  (a) Microsoft's copyrights are unique and valuable property which have no readily determinable market value; (b) Defendants' infringement harms

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

Microsoft such that Microsoft could not be made whole by any monetary award; and (c) Defendants' wrongful conduct, and the resulting damage to Microsoft, is continuing.

### Fifth Claim
### Unfair Competition & False Advertising – 15 U.S.C. § 1125(a)

67.     Defendants have made false and misleading representations and descriptions of fact in connection with the offering for sale and sale of unlicensed Microsoft software through their websites, including without limitation, that Defendants are offering licensed Microsoft software.

68.     Defendants' false and misleading representations and descriptions of fact were made in commercial advertising or promotion, including without limitation, in connection with the offering for sale and sale of unlicensed Microsoft software through their websites.

69.     Defendants' false and misleading representations and descriptions of fact misrepresent the nature, characteristics, qualities, or origin of their goods, services, and commercial activities.

70.     Defendants' use of Microsoft's trademarks and service mark referenced above and its false and misleading representations and descriptions of fact in interstate commerce in connection with its offering for sale of unlicensed Microsoft software has either deceived or has the capacity to deceive a substantial segment of potential consumers, and such deception is material, in that it is likely to influence the consumers' purchasing decisions.

71.     Defendants have used, and continue to use, Microsoft's trademarks and service mark referenced above to compete unfairly with Microsoft and to deceive customers.

72.     Defendants' conduct constitutes false advertising and federal unfair competition, in violation of 15 U.S.C. § 1125(a).

73.     Defendants' wrongful conduct is likely to continue unless restrained and enjoined.

COMPLAINT - 19
DWT 26351450v6 0025936-002272
DWT 26351450v16 0025936-002272

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

74.     As a result of Defendants' wrongful conduct, Microsoft is entitled to recover its actual damages, Defendants' profits, and treble damages and attorney fees pursuant to 15 U.S.C. § 1117.

75.     Further, Microsoft is entitled to injunctive relief and to an order directing Defendants to stop representing or implying that they are offering licensed Microsoft software. Microsoft has no adequate remedy at law for Defendants' wrongful conduct because, among other things:  (a) Defendants' advertising, marketing, installation, or distribution of unlicensed Microsoft software constitutes harm to Microsoft such that Microsoft could not be made whole by any monetary award; and (b) Defendants' wrongful conduct, and the resulting damage to Microsoft, is continuing.

## Sixth Claim
## Breach of Contract

76.     Defendants and Microsoft knowingly and voluntarily entered into the Microsoft MPN and AER Agreements for good and valuable consideration.

77.     The MPN and AER Agreements are valid, binding, and enforceable agreements.

78.     Defendants' conduct described herein constitutes an ongoing and material breach of these agreements, including without limitation, sections 6(a), 6(b), and 13(d) of the MPN Agreement, and sections 3(b) and 3(c) of the AER Agreement.

79.     Defendants' breach has caused and will continue to cause damage to Microsoft in an amount to be proved at trial.

## Seventh Claim
## Imposition of a Constructive Trust

80.     Defendants' conduct constitutes deceptive and wrongful conduct in the nature of passing off infringing materials as licensed Microsoft software or related components approved or authorized by Microsoft.

81.     By virtue of Defendants' wrongful conduct, Defendants have illegally received money and profits that rightfully belong to Microsoft.

COMPLAINT - 20
DWT 26351450v6 0025936-002272
DWT 26351450v16 0025936-002272

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

82.     On information and belief, Defendants hold the illegally received money and profits in the form of bank accounts, real property, or personal property that can be located and traced.  All such money and profits, in whatever form, are held by Defendants as a constructive trustee for Microsoft.

**Eight Claim**
**Accounting**

83.     Microsoft is entitled, pursuant to 17 U.S.C. § 504 and 15 U.S.C. § 1117, to recover any and all profits of Defendants that are attributable to the acts of infringement.

84.     Microsoft is entitled, pursuant to 17 U.S.C. § 504 and 15 U.S.C. § 1117, to actual damages or statutory damages sustained by virtue of Defendants' acts of infringement.

85.     The amount of money due from Defendants to Microsoft is unknown to Microsoft and cannot be ascertained without a detailed accounting by Defendants of the precise number of units of infringing material advertised, marketed, installed, offered, or distributed by Defendants.

**VI.     PRAYER FOR RELIEF**

WHEREFORE, Microsoft respectfully prays for the following relief:

A.     That the Court enter judgment in Microsoft's favor on all claims;

B.     That the Court restrain and enjoin Defendants, their directors, principals, officers, agents, representatives, employees, attorneys, successors and assigns, and all others in active concert or participation with it, from:

(i)     copying or making any other infringing use or infringing distribution of Microsoft's software and other intellectual property including but not limited to the software identified by the Trademark, Service Mark, and Copyright Registration Numbers listed above;

(ii)     manufacturing, assembling, producing, distributing, offering for distribution, circulating, selling, offering for sale, advertising, importing, promoting, or displaying any Microsoft software or other intellectual property bearing any simulation, reproduction, counterfeit, copy, or colorable imitation of any of Microsoft's registered

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

trademarks, service mark, or copyrights, including, but not limited to, the Trademark, Service Mark, and Copyright Registration Numbers listed above;

(iii)     using any simulation, reproduction, counterfeit, copy, or colorable imitation of Microsoft's registered trademarks, service mark, or copyright including, but not limited to the Trademark, Service Mark, and Copyright Registration Numbers listed above, in connection with the manufacture, assembly, production, distribution, offering for distribution, circulation, sale, offering for sale, import, advertisement, promotion, or display of any software, component, and/or other item not authorized or licensed by Microsoft;

(iv)     engaging in any other activity constituting an infringement of any of Microsoft's trademarks, service mark and/or copyrights, or of Microsoft's rights in, or right to use or to exploit, these trademarks, service mark, and/or copyrights; and

(v)     assisting, aiding, abetting, inducing, causing, or materially contributing to any other person or business entity in engaging in or performing any of the activities listed above;

C.     That the Court enter an order pursuant to 15 U.S.C. § 1116 and 17 U.S.C. § 503 impounding all counterfeit and infringing copies of purported Microsoft software and/or materials bearing any of Microsoft's trademarks or service mark, and any related item— including without limitation business records, product keys, and download links—that are in Defendants' possession or under their control;

D.     That the Court enter an order declaring that Defendants hold in trust, as constructive trustees for the benefit of Microsoft, the illegal profits obtained from their distribution of counterfeit and infringing copies of Microsoft's software, and requiring Defendants to provide Microsoft a full and complete accounting of all amounts due and owing to Microsoft as a result of Defendants' unlawful activities;

E.     That Defendants be required to pay all general, special, actual, and statutory damages which Microsoft has sustained, or will sustain, as a consequence of Defendants'

COMPLAINT - 22
DWT 26351450v6 0025936-002272
DWT 26351450v16 0025936-002272

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

unlawful acts, and that such damages be enhanced, doubled, or trebled as provided for by 17 U.S.C. § 504(c), 15 U.S.C. § 1117(b) and 18 U.S.C. § 1964(c);

F.     That Defendants be required to pay to Microsoft both the costs of this action and the reasonable attorney fees incurred by Microsoft in prosecuting this action, as provided for by 15 U.S.C. § 1117, 17 U.S.C. § 505 and 18 U.S.C. § 1964(c); and

G.     That the Court grant Microsoft such other, further, and additional relief as the Court deems just and equitable.

DATED this 25th day of March, 2015.

DAVIS WRIGHT TREMAINE LLP
*Attorneys for Plaintiff Microsoft Corp.*

By *s/ Candice M. Tewell*
Candice M. Tewell, WSBA # 41131

By *s/ James Harlan Corning*
James Harlan Corning, WSBA # 45177
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
Tel: (206) 622-3150
Fax: (206) 757-7700
Email:    candicetewell@dwt.com
              jamescorning@dwt.com

COMPLAINT - 23
DWT 26351450v6 0025936-002272
DWT 26351450v16 0025936-002272

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax