UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MICROSOFT CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>PREMIER SELLING TECHNOLOGIES;<br>PREMIER SELLING TECHNOLOGIES, INC.;<br>PREMIER SELLING TECHNOLOGIES<br>CORPORATION; BILLING SYSTEMS CORP.;<br>MARK E. VALENTINE; CODY JERY ALLAN<br>ALTIZER a/k/a CODY ALLAN; ROBERT<br>ROMERO; and DOES 1-20,<br><br>Defendants. | Case No. 2:15-cv-463<br><br>[PROPOSED] TEMPORARY<br>RESTRAINING ORDER,<br>SEIZURE ORDER, ASSET<br>RESTRAINING ORDER,<br>EXPEDITED DISCOVERY<br>ORDER, AND ORDER TO SHOW<br>CAUSE FOR PRELIMINARY<br>INJUNCTION |

Plaintiff Microsoft Corporation, having moved *ex parte* against Defendants Premier Selling Technologies, Premier Selling Technologies, Inc., Premier Selling Technologies Corporation, Billing Systems Corp., Mark E. Valentine, Cody Jery Allan Alteizer aka Cody Allan, Robert Romero, and Does 1-20 (collectively, "Defendants") for a Temporary Restraining Order, Seizure Order, Asset Restraining Order, Expedited Discovery Order, and Order to Show Cause for Preliminary Injunction (collectively, the "Order") under Federal Rule of Civil Procedure ("Rule") 65, because Defendants are advertising, marketing, offering, and distributing unlicensed Microsoft software, using Microsoft's federally registered trademarks,

[PROPOSED] TEMPORARY RESTRAINING ORDER, SEIZURE ORDER,
ASSET RESTRAINING ORDER, EXPEDITED DISCOVERY ORDER, AND
ORDER TO SHOW CAUSE FOR PRELIMINARY INJUNCTION (Case No.
2:15-cv-463) - 1
DWT 26170701v6 0025936-002272

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

as listed in Microsoft's Complaint and incorporated herein by reference (collectively, "Microsoft's Marks"), which trademarks are owned and controlled by Plaintiffs and used in connection with products listed in Microsoft's Complaint and incorporated herein by reference (collectively, "Microsoft's Products"), which products are subject to federally registered copyrights, as listed in Microsoft's Complaint and incorporated herein by reference (collectively, "Microsoft's Copyrights"), and the Court having reviewed the Complaint, Motion for Temporary Restraining Order, and supporting declarations and exhibits, the Court finds:

1. Microsoft has demonstrated it is entitled to injunctive relief by establishing (a) it is likely to succeed on the merits of its claims, (b) it is suffering irreparable injury in the absence of an injunction based on Defendants' advertising, marketing, installing, offering, and distributing unlicensed Microsoft software using Microsoft's Marks, (c) the balance of hardships tips in Microsoft's favor, and (d) the public interest favors granting injunctive relief;

2. With respect to likelihood of success on the merits, Microsoft has demonstrated that is it likely to succeed in showing:

    a. It is the sole owner of Microsoft Windows 8.1, Windows 8, Windows 7, Office 2013, and Office 2010, and of the corresponding copyrights and Certificates of Registration;

    b. The Defendants have induced, caused, and materially contributed to the infringement of those copyrights, including by operating networks of websites ("Infringing Websites") resolving at various domain names set forth in **Exhibit A** attached hereto and representing to unsuspecting third-party purchasers that they are purchasing licensed Microsoft products from Defendants, when in fact Defendants have instructed those third-party purchasers on how to download digital copies of Microsoft's software and install it using product keys the purchasers are not authorized to use;

[PROPOSED] TEMPORARY RESTRAINING ORDER, SEIZURE ORDER, ASSET RESTRAINING ORDER, EXPEDITED DISCOVERY ORDER, AND ORDER TO SHOW CAUSE FOR PRELIMINARY INJUNCTION (Case No. 2:15-cv-463) - 2
DWT 26170701v6 0025936-002272

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

1   c.   That as a result of Defendants' instruction and material assistance, those third-party purchasers have impermissibly copied Microsoft's protected works, infringing Microsoft's rights in those works;

d.   That Defendants knew of and intentionally contributed to and furthered the infringing activity;

e.   That at a minimum, Defendants acted with willful blindness to, or in reckless disregard of, Microsoft's registered copyrights;

f.   That Microsoft's Marks are valid and protectable and entitled to protection;

g.   That Defendants have made false and misleading representations and descriptions of fact in connection with the offering for sale and sale of unlicensed Microsoft software through their websites, including without limitation, that Defendants are offering licensed Microsoft software;

h.   That Defendants' false and misleading representations and descriptions of fact were made in commercial advertising or promotion, including without limitation, in connection with the offering for sale and sale unlicensed Microsoft software through their websites and the representations misrepresent the nature, characteristics, qualities, or origin of their goods, services, and commercial activities;

i.   That Defendants' use of Microsoft's trademarks and service mark and its false and misleading representations and descriptions of fact in interstate commerce in connection with its offering for sale of non-genuine and unlicensed Microsoft software has either deceived or has the capacity to deceive a substantial segment of potential consumers, and such deception is material, in that it is likely to influence the consumers' purchasing decisions;

j.   That Defendants have used, and continue to use, Microsoft's trademarks and service marks to compete unfairly with Microsoft;

[PROPOSED] TEMPORARY RESTRAINING ORDER, SEIZURE ORDER, ASSET RESTRAINING ORDER, EXPEDITED DISCOVERY ORDER, AND ORDER TO SHOW CAUSE FOR PRELIMINARY INJUNCTION (Case No. 2:15-cv-463) - 3
DWT 26170701v6 0025936-002272

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

3.    The distribution, offering for sale, and sale of unlicensed Microsoft software will result in immediate and irreparable injury to Microsoft if injunctive relief is not granted;

4.    Defendants have gone to great lengths to conceal themselves and their ill-gotten proceeds from Microsoft's and this Court's detection, including by using multiple false identities and addresses associated with their operations and purposely-deceptive contact information;

5.    Defendants would likely destroy, move, hide, or otherwise make Defendants' means of selling and distributing the unlicensed software, the financial accounts used in connection with the sale of the unlicensed software, and the business records relating thereto, inaccessible to the Court and Microsoft if Microsoft were to proceed on notice to Defendants, thus frustrating the ultimate relief Microsoft seeks in this action;

6.    Microsoft's harm from denial of the requested *ex parte* Order would outweigh any harm to Defendants' legitimate interests from granting such an Order;

7.    Microsoft has represented it has not publicized the requested Order;

8.    Entry of an order other than the requested Order would not adequately achieve the purposes of the Lanham Act and Copyright Act to preserve Microsoft's equitable remedies for trademark and copyright infringement, including, *inter alia*: the restraint of Defendants' sale of unlicensed software, including Defendants' Infringing Websites, the acquisition of the business records relating to Defendants' operations, and the preservation of Microsoft's right to an equitable accounting of proceeds from Defendants' sale of Microsoft's unlicensed software.

THEREFORE, IT IS HEREBY ORDERED that the Defendants appear to show cause of the _____ day of _____, 2015, at _____ a.m./p.m., or as soon thereafter as counsel can be heard, in Courtroom _____, in the United States District Court for the Western District of Washington, why an Order pursuant to Federal Rule of Civil Procedure 65 should not be entered granting Microsoft a preliminary injunction as follows:

[PROPOSED] TEMPORARY RESTRAINING ORDER, SEIZURE ORDER, ASSET RESTRAINING ORDER, EXPEDITED DISCOVERY ORDER, AND ORDER TO SHOW CAUSE FOR PRELIMINARY INJUNCTION (Case No. 2:15-cv-463) - 4
DWT 26170701v6 0025936-002272

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

(a) Enjoining and restraining Defendants, their officers, agents, servants, and employees, and any persons in active concert or participation with them from:

    (i) inducing, causing, or materially contributing to the infringement of Microsoft's copyrights; and

    (ii) using Microsoft's Marks or any reproduction, counterfeit, copy or colorable imitation of the Microsoft's Marks in connection with the distribution, advertising, offer for sale, and/or sale of merchandise that are not genuine, licensed Microsoft products; and

    (iii) distributing, offering for sale, and selling unlicensed Microsoft software.

(b) Restricting the transfer of Defendants' assets pursuant to the provisions of this Order hereinafter set forth.

**Temporary Restraining Order**

IT APPEARING to the Court that Defendants are distributing, offering for sale, and/or selling unlicensed Microsoft software, including through the Infringing Websites, and will continue to carry out such acts unless restrained by Order of the Court, it is hereby:

ORDERED, that pending the hearing on Microsoft's application for a Preliminary Injunction, Defendants, including their agents, servants, employees, confederates, and any persons acting in concert or participation with them or third parties providing services used in connection with Defendants' operations including, without limitation, Internet service providers, back-end service providers, affiliate program providers, web designers, search engine or ad-word providers, and online business-to-business selling platforms having knowledge of this Order by service, actual notice or otherwise be, and are, hereby temporarily restrained from:

(a) Committing any of the acts set forth in subparagraphs (a)(i)-(iii) above; and

[PROPOSED] TEMPORARY RESTRAINING ORDER, SEIZURE ORDER, ASSET RESTRAINING ORDER, EXPEDITED DISCOVERY ORDER, AND ORDER TO SHOW CAUSE FOR PRELIMINARY INJUNCTION (Case No. 2:15-cv-463) - 5
DWT 26170701v6 0025936-002272

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

(b)   Moving, destroying, or otherwise disposing of any items, merchandise or documents relating to the sale of unlicensed Microsoft software, Defendants' Infringing Websites, and/or Defendants' assets and operations; and

(c)   Removing, destroying or otherwise disposing of any computer files, electronic files, business records, or documents relating to Defendants' Infringing Websites, Defendants' assets and operations or relating in any way to the distribution or sale of unlicensed Microsoft software or any reproduction, counterfeit, copy, or colorable imitation of the Plaintiffs' Marks; and it is further

ORDERED that the Temporary Restraining Order shall remain in effect until the date for hearing on the Order to Show Cause set forth above, or such further dates as set by the Court, unless Defendants stipulate, or have not objected, to the Preliminary Injunction.

**Expedited Discovery**

ORDERED, that discovery by Microsoft herein may begin immediately by Microsoft providing actual notice, pursuant to subpoena or otherwise, of this Order to any of the following:  (1) Defendants, their agents, servants, employees, confederates, attorneys, and any persons acting in concert or participation with them; (2) any banks, savings and loan associations, payment processors or other financial institutions, including without limitation, PayPal, Western Union,  or other merchant account providers, payment providers, third party payment processors (e.g., PayEase, IPS Ltd., or Realypay) or credit card associations (e.g., MasterCard and VISA), which receive payments or hold assets on Defendants' behalf; and (3) any third party service providers, including without limitation, online B2B selling platforms; domain name registration privacy protection services (e.g., Domains By Proxy and PrivacyProtect.org), providers of email services (e.g., Google Gmail and Yahoo), providers of social media services (e.g., Facebook, Google+, and Twitter), providers of online content management services (e.g., YouTube, Flikr, and Tumblr), search engine and/or Internet advertising service providers (e.g., Google and Yahoo), search engine optimization service

[PROPOSED] TEMPORARY RESTRAINING ORDER, SEIZURE ORDER, ASSET RESTRAINING ORDER, EXPEDITED DISCOVERY ORDER, AND ORDER TO SHOW CAUSE FOR PRELIMINARY INJUNCTION (Case No. 2:15-cv-463) - 6
DWT 26170701v6 0025936-002272

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

providers, Internet service providers, back-end service providers, affiliate program providers, web designers, search engine or ad-word providers, shippers, and domain name registries and registrars who have provided services for Defendants; and it is further

ORDERED, that any third party providing services in connection with any Defendant or Infringing Website, including without limitation, domain name registration privacy protection services (e.g., Domains By Proxy and PrivacyProtect.org), providers of email services (e.g., Google Gmail and Yahoo), providers of social media services (e.g., Facebook, Google+, and Twitter), providers of online content management services (e.g., YouTube, Flikr, and Tumblr), search engine and/or Internet advertising service providers (e.g., Google and Yahoo), search engine optimization service providers, Internet Service Providers, back-end service providers, affiliate program providers, web designers, search engine or ad-word providers, any banks, savings and loan associations, payment processors or other financial institutions, including without limitation, PayPal, Western Union, or other merchant account providers, payment providers, third party payment processors (e.g., PayEase, IPS Ltd., or Realypay) or credit card associations (e.g., MasterCard and VISA), and other payment processing services, shippers, online B2B selling platforms, and domain name registrars who have provided services for Defendants shall within five (5) days after receipt of such notice, provide copies of all documents and records in such person or entity's possession or control relating to:

(a)   The identities and addresses (physical and e-mail) of Defendants, their agents, servants, employees, confederates, and any persons acting in concert or participation with them and the locations and identities of Defendants' operations, including without limitation, identifying information associated with Defendants' Infringing Websites and financial accounts, and the trade of unlicensed Microsoft software (domain name registration privacy protection services shall provide the information in this subparagraph (a) within two (2) days after receipt of notice);

(b)   The Infringing Websites;

[PROPOSED] TEMPORARY RESTRAINING ORDER, SEIZURE ORDER, ASSET RESTRAINING ORDER, EXPEDITED DISCOVERY ORDER, AND ORDER TO SHOW CAUSE FOR PRELIMINARY INJUNCTION (Case No. 2:15-cv-463) - 7
DWT 26170701v6 0025936-002272

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

(c)     Any financial accounts owned or controlled by Defendants, including their agents, servants, employees, confederates, attorneys, and any persons acting in concert or participation with them, including such accounts residing with or under the control of any banks, savings and loan associations, payment processors or other financial institutions, including without limitation, PayPal, Western Union, or other merchant account providers, payment providers, third party processors (e.g. PayEase, IPS Ltd., or Realypay), or credit card associations (e.g., MasterCard and VISA).

**Ex Parte Asset Restraint**

ORDERED, that in accordance with 15 U.S.C. § 1116(a) and this Court's inherent equitable power to issue provisional remedies ancillary to its authority to provide final equitable relief, Defendants and their officers, servants, employees, agents and any persons in active concert or participation with them, and any banks, savings and loan associations, payment processors or other financial institutions, including without limitation, PayPal, Western Union, or other merchant account providers, payment providers, third party payment processors (e.g., PayEase, IPS Ltd., or Realypay) or credit card associations (e.g., MasterCard and VISA) for any Defendant, any of Defendants' operations, Defendants' Infringing Websites, or for any other website owned or controlled by Defendants, who receive actual notice of this Order, shall immediately locate all accounts connected to Defendants or the Infringing Websites, and that such accounts be temporarily restrained and enjoined from transferring or disposing of any money or other of Defendants' assets, not allowing such funds to be transferred or withdrawn; and it is further

ORDERED, that upon two (2) business day's written notice to the Court and Microsoft's counsel, any Defendant may, upon proper showing, appear and move for the dissolution or modification of the provisions of this Order concerning the restriction upon transfer of Defendants' assets; and it is further

[PROPOSED] TEMPORARY RESTRAINING ORDER, SEIZURE ORDER, ASSET RESTRAINING ORDER, EXPEDITED DISCOVERY ORDER, AND ORDER TO SHOW CAUSE FOR PRELIMINARY INJUNCTION (Case No. 2:15-cv-463) - 8
DWT 26170701v6 0025936-002272

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

ORDERED that, in accordance with 15 U.S.C. § 1116(a) and this Court's inherent equitable power to issue provisional remedies ancillary to its authority to provide final equitable relief, the domain name registries, including but not limited to VeriSign, Inc., NeuStar, Inc., and Public Interest Registry, and/or the individual registrars holding or listing one or more of the domain names used in conjunction with the Infringing Websites shall, within three (3) days of receipt of this Order, temporarily disable these domain names, or any subset of these domain names specified by Plaintiffs, through a registry hold or otherwise, and make them inactive and non-transferable pending further order from this Court, unless Plaintiffs request that particular domain names be released from such restraints; and it is further

ORDERED that any third party providing services in connection with any Defendant and/or Defendants' websites, including without limitation, providers of email services (e.g., Google Gmail and Yahoo), providers of social media services (e.g., Facebook, Google+ and Twitter), providers of online content management services (e.g., YouTube, Flikr, and Tumblr), search engine and/or Internet advertising service providers (e.g., Google and Yahoo), search engine optimization providers, and Internet service providers, back-end service providers, affiliate program providers, web designers, and search engine or ad-word providers, any banks, savings and loan associations, payment processors or other financial institutions, including without limitation, PayPal, Western Union, or other merchant account providers, payment providers, third party payment processors (e.g., PayEase, IPS Ltd., or Realypay) or credit card associations (e.g., MasterCard and VISA), shall immediately temporarily disable service to any and all Infringing Websites.

**Good Cause Exists to Extend TRO For 45 Days**

Defendants Premier Selling Technologies, Premier Selling Technologies, Inc., Premier Selling Technologies Corporation, Mark E. Valentine, Cody Jery Allan Alteizer aka Cody Allan, and Robert Romero are residents of Toronto, Ontario, Canada and must be served under Federal Rule of Civil Procedure 4(f) and the Hague Convention on the Service Abroad of

[PROPOSED] TEMPORARY RESTRAINING ORDER, SEIZURE ORDER, ASSET RESTRAINING ORDER, EXPEDITED DISCOVERY ORDER, AND ORDER TO SHOW CAUSE FOR PRELIMINARY INJUNCTION (Case No. 2:15-cv-463) - 9
DWT 26170701v6 0025936-002272

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

Judicial and Extrajudicial Documents—provided the Defendants have a known address. Service under the Hague Convention in Ontario goes through the Ontario Court of Justice, which reports that service takes four to six weeks to complete. Thus, good cause exists to extend this temporary restraining order for 45 days to allow for service upon the Canadian Defendants.

**Microsoft's Duties**

ORDERED, that Microsoft shall post a corporate surety bond, cash or a certified or attorney's check in the amount of twenty thousand dollars $10,000 as security, determined adequate for the payment of such damages as any person may be entitled to recover as a result of a wrongful seizure or restraint hereunder; and it is further

ORDERED, that Microsoft's counsel file with the court within forty (40) business days after this Order is executed, an affidavit or declaration setting forth: (a) the date on which the Order was executed, (b) the date and means with which the Defendants' were served with a copy of the Order, and (c) a description of the domain names, websites, and other assets that were disabled and/or restrained; and it is further

**Defendants' Response**

ORDERED, that Defendants' answering papers, if any, shall be filed with the Clerk of this Court and served upon Microsoft's attorneys by delivering copies thereof to the offices of Davis Wright Tremaine LLP, 1201 Third Ave. Suite 2200, Seattle, WA 98101, Attention: Bonnie MacNaughton, before _____ a.m./p.m. on the _____ day of _____, 2015. Any reply shall be filed and served by Microsoft by the _____ day of _____, 2015.

**Defendants are hereby given notice that failure to attend the hearing scheduled herein may result in confirmation of the seizure authorized herein, destruction or other disposition of the goods, domains, and/or assets seized, if any, immediate issuance of the prayed-for Preliminary Injunction to take effect immediately upon expiration or**

[PROPOSED] TEMPORARY RESTRAINING ORDER, SEIZURE ORDER, ASSET RESTRAINING ORDER, EXPEDITED DISCOVERY ORDER, AND ORDER TO SHOW CAUSE FOR PRELIMINARY INJUNCTION (Case No. 2:15-cv-463) - 10
DWT 26170701v6 0025936-002272

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

**dissolution of the Temporary Restraining Order, and shall otherwise extend for the pendency of this litigation relief upon the same terms and conditions as comprise this Temporary Restraining Order.  Defendants are hereby given further notice they shall be deemed to have actual notice of the issuance and terms of such Preliminary Injunction and any act by them or any one of them in violation of any of the terms thereof may be considered and prosecuted as contempt of this Court.**

DATED this \_\_\_\_ day of _____, 2015.

_____
The Honorable
United States District Judge

Presented by:

Davis Wright Tremaine LLP
*Attorneys for Plaintiff Microsoft Corporation*

By *s/ Candice M. Tewell*
    Candice M. Tewell, WSBA #41131
    James Corning, WSBA #45177
    1201 Third Avenue, Suite 2200
    Seattle, WA  98101-3045
    Telephone: 206-622-3150
    Fax: 206-757-7700
    E-mail: CandiceTewell@dwt.com
              JamesCorning@dwt.com

[PROPOSED] TEMPORARY RESTRAINING ORDER, SEIZURE ORDER, ASSET RESTRAINING ORDER, EXPEDITED DISCOVERY ORDER, AND ORDER TO SHOW CAUSE FOR PRELIMINARY INJUNCTION (Case No. 2:15-cv-463) - 11
DWT 26170701v6 0025936-002272

# EXHIBIT A

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MICROSOFT CORPORATION, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> PREMIER SELLING TECHNOLOGIES; ) <br> PREMIER SELLING TECHNOLOGIES, INC.; ) <br> PREMIER SELLING TECHNOLOGIES ) <br> CORPORATION; BILLING SYSTEMS CORP.; ) <br> MARK E. VALENTINE; CODY JERY ALLAN ) <br> ALTIZER a/k/a CODY ALLAN; ROBERT ) <br> ROMERO; and DOES 1-20, ) <br> ) <br> Defendants. ) <br> ) <br> ) | Case No. 2:15-cv-463 <br><br> EXHIBIT A |

The Infringing Websites include:

- premiersellingtechnologies.org
- amazingtechdeals.net
- softwaresupplysource.com
- billingsecurecenter.com
- softwaresupporthub.com
- advantageittech.com
- billing-secure-server.com

EXHIBIT A TO [PROPOSED] TEMPORARY RESTRAINING ORDER - 1
DWT 26490394v1 0025936-002272